NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 8 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN WINGER, | No.   15-55848 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 8:13-cv-00267-AG-RNB |
| CITY OF GARDEN GROVE; et al., | MEMORANDUM [*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted March 6, 2017
Pasadena, California

Before:  REINHARDT and NGUYEN, Circuit Judges, and EZRA,[**] District
Judge.

Robin Winger appeals the district court's grant of summary judgment to two

police officers, two emergency medical technicians (EMTs), and the City of

Garden Grove.  Winger was arrested on suspicion of driving under the influence,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

but she was suffering from a stroke, not intoxication.  She brought Fourteenth Amendment claims against the individual defendants for deliberate indifference to her serious medical need, a *Monell* claim against the city for failure to train, and negligence claims under state law against the two police officers.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, reverse in part, and remand.

1.  We affirm the district court's grant of summary judgment on Winger's Fourteenth Amendment claims.  A stroke is unquestionably a serious medical need, but Winger has not shown a genuine issue of material fact as to whether the officers or the EMTs acted with deliberate indifference to her medical condition. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067–71 (9th Cir. 2016).

Officer Elhami called for the EMTs less than a minute after pulling her over.  When Winger said that she no longer needed to see the paramedics, Officer Elhami insisted she do so.  The EMTs arrived on the scene and their evaluation showed that Winger's speech was clear, she was not disoriented, her vital signs were normal, and she had equal grip strength in her hands.  An EMT nonetheless encouraged Winger to see a doctor as a precaution, but she told him that she did not want to go and signed a written refusal of further emergency medical services.

Winger's behavior was erratic but in a way that was consistent with intoxication.  Officer Starnes appeared on the scene and conducted a series of

2

sobriety tests, which she failed. He arrested Winger and booked her into jail. Upon arriving at jail, she received a medical screening, which also did not reveal any medical problem. When Winger was released, she was immediately taken to a hospital. The emergency room physician wrote in his notes, "doub[t] stroke . . . likely psychiatric or drug induced psychosis." Only later would a CT scan reveal that Winger had suffered a stroke.

Under these circumstances, the officers and EMTs were not objectively unreasonable in not forcing Winger to go to the hospital against her will. They reasonably believed, as the doctor at the hospital later would, that she was competent to make her own health care decisions.

2. We affirm the district court's grant of summary judgment to the City of Garden Grove on Winger's *Monell* claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The district court erred in concluding that municipalities can never be held liable absent constitutional violations by the individual defendants. *See Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1186 n.7 (9th Cir. 2002) *overruled on other grounds by Castro,* 833 F.3d at 1076. We nonetheless affirm, as Winger provided little evidence that the city's training of police and fire personnel were inadequate. Winger relies almost exclusively on the report of her expert, which criticized the behavior of the individual officers, not the city's policies. The alleged inadequacies of the city do not rise to the level of unconstitutional

3

deliberate indifference for a failure to train. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011).

3.  We reverse the district court's grant of immunity to the individual officers on Winger's negligence claim. The district court reasoned, as to Officers Elhami and Starnes, that "even assuming the elements of negligence were satisfied, [they] would be immunized by California Government Code Section 821.6." This is incorrect. As we held in *Garmon v. County of Los Angeles*, that immunity statute applies only to malicious prosecution actions. 828 F.3d 837, 847 (9th Cir. 2016). We remand for the district court to determine in the first instance whether to exercise its discretion to retain jurisdiction over this state claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Each party shall bear their own costs.